**SERVICE FINANCE CORPORATION et al. v. SINGLETON.**

No. 11259.

Court of Civil Appeals of Texas. Galveston.

Oct. 16, 1941.

Rehearing Denied Nov. 20, 1941.

See, also, Tex.Civ.App., 146 S.W.2d 1020.

R. R. Smith, of Jourdanton, for appellants.

J. W. Ragsdale, of Victoria, and Cullen B. Vance, of Edna, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Jasper Singleton, for the recovery of actual and exemplary damages growing out of the alleged conversion of an automobile by appellants, Service Finance Corporation and Bert Wilcut.

Appellee alleged that on or about May 16, 1939, he had purchased for cash a 1938 model Chrysler automobile from one W. A. Utzman, an automobile dealer in Edna, Texas, without the knowledge that any liens existed against it; that the automobile, on the date of said purchase and prior thereto, had been daily exposed for sale by the said W. A. Utzman and that in consequence thereof he was a bona fide purchaser of said automobile within the provisions of Article 5497a, Vernon's Ann. Civ.St., and that any mortgage or claim which appellant Service Finance Corporation had against it at the time of its purchase was void and unenforceable.

Appellants alleged that they had taken possession of said automobile and had later removed it from Jackson County and sold it in compliance with and with the intent to carry out the terms of a note and a chattel mortgage against said automobile executed by W. A. Utzman in favor of W. J. Brewer, which note and mortgage had been transferred and assigned to appellant Service Finance Corporation.

In answer to special issues submitted, the jury found, in effect, that W. A. Utzman, who was a dealer in automobiles in Edna, Texas, had daily exposed the automobile in question for sale from September 17, 1938, until the date of the sale thereof to appellee on May 16, 1939. They found that appellee did not have actual knowledge of the existence of the chattel mortgage lien against said automobile in favor of appellant Service Finance Corporation at the time of said purchase and that he was a bona fide purchaser thereof, and that the market value of said automobile in Edna, Texas, on the date of the alleged conversion, was $700. They found that the acts of appellants in taking possession of the automobile in question were intentionally, willfully, knowingly, and maliciously done with an utter disregard for the rights of appellee, and allowed appellee the sum of $1250 as exemplary damages. Based on the answers of the jury to such special issues, judgment was rendered in favor of appellee and against appellants, Service Finance Corporation and Bert Wilcut, jointly and severally.

The controlling questions presented in the appeal are: (1) Whether, under the jury's findings that said automobile had been daily exposed for sale and that appellee had no actual knowledge of the preexisting mortgage lien in favor of appellant Service Finance Corporation, prior to his purchase thereof, he had acquired title thereto free of such lien under said Article 5497a; and (2) whether the acts of appellants in taking said automobile from the possession of appellee, in the manner in which it was taken, under the jury's findings, constituted such an utter disregard for the rights of appellee as to justify a recovery of exemplary damages in favor of appellee.

The record of the facts shows that appellee had purchased and was in possession of said Chrysler automobile on the date of the alleged conversion and that it was taken from his possession by appellant Bert Wilcut, an agent of his co-appellant, Service Finance Corporation. The automobile in question had been purchased by appellee from W. A. Utzman, a dealer in automobiles in Edna, Texas, who had exposed it for sale for some time prior to its purchase by appellee. Appellee paid the entire purchase price for said automobile without actual knowledge of any preexisting liens against it. On or about September 3, 1938, prior to the purchase of said automobile by appellee, W. A. Utzman had executed and delivered his note for the sum of $758 and a chattel mortgage securing it on the automobile in question to one W. J. Brewer. Said note and the chattel mortgage lien by which it was secured were later assigned and transferred to appellant Service Finance Corporation. At the time of the alleged conversion of said car there was a balance due on said note in favor of appellant Service Finance Corporation of $387.60. The chattel mortgage securing said indebtedness in favor of Service Finance Corporation had been duly recorded in the

mortgage records of Jackson County, Texas, prior to the purchase thereof by appellee. After taking possession of said automobile, appellant Service Finance Corporation sold it for the sum of $350.

Said Article 5497a provides: "That all chattel mortgages hereafter given as security for money advanced for the purchase of motor vehicles shall, when registered as required by law of chattel mortgages, be and are superior to the claim or claims of other creditors even though such motor vehicle or vehicles are daily exposed for sale. Provided, however, any such chattel mortgage shall be void as to bona fide purchasers when such motor vehicles are daily exposed for sale."

Appellants contend that said Article 5497a does not apply under the facts in this case for the reason that it is not shown that appellant's mortgage was not given as security for money advanced for the purchase of a motor vehicle. This contention cannot be sustained. That portion of Article 5497a which provides that chattel mortgages on motor vehicles given as security for money advanced for the purchase thereof shall, when duly registered, be superior to the claims of other creditors, merely makes mortgage liens given as security for money so advanced superior to the claims of other creditors and has no application to bona fide purchasers of said vehicles when they have been daily exposed for sale. The concluding portion of said article provides in effect that even purchase-money liens shall be void as to bona fide purchasers of such motor vehicles when they have been daily exposed for sale.

Under the terms of said Article 5497a, the jury having found, under what we deem to be sufficient evidence, that W. A. Utzman, from whom appellee purchased said automobile, was a dealer in automobiles and that the automobile in question had been daily exposed for sale prior to and at the time of the purchase thereof, and that appellee was a bona fide purchaser thereof without actual knowledge of the mortgage lien against it in favor of appellant Service Finance Corporation, appellants' contention in this regard must be overruled.

Appellant contends that there is no evidence of malice in the taking of said automobile, since it was taken in conformity with and under the powers conferred by the terms of a duly registered mortgage, for the purpose of collecting a debt secured thereby without force, violence or threats, and that it was error prejudicial to the rights of appellants for the trial court to submit to the jury the issue of malice and of exemplary damages.

Special Issue No. 5 of the court's charge reads: "Do you find from a preponderance of the evidence that the acts of the defendants in taking the said Chrysler automobile from the possession of plaintiff and in appropriating same to the use and benefit of the defendant, Service Finance Corporation, were intentionally, wilfully, knowingly and maliciously done with an utter disregard for the rights, if any, of the plaintiff, Jasper Singleton?"

The jury answered said issue in the affirmative.

The record shows that on the date of the alleged conversion appellee's wife had parked the automobile in question in front of a house at which she was visiting in the town of Edna, and that appellant Bert Wilcut, an agent and employee of Service Finance Corporation, knowing that appellee had purchased the car from Utzman and that his wife had left it so parked after taking the keys thereof into the neighbor's house, and without advising either appellee or his wife of his purpose or intention in doing so, had said car towed to a garage in Edna and later taken to Victoria, Texas. The record shows that appellee had been in possession of said automobile for more than six months after receiving a written transfer therefor from Utzman and Brewer, that he had no actual knowledge of the claim of appellant Service Finance Corporation, and that no legal steps were taken by appellants to acquire possession of said automobile. Appellant Wilcut stated on the trial of the case that he would not have turned the car over to appellee even if he had paid him the amount of the claim against it.

Under above facts we think that the jury was justified in answering Special Issue No. 5 in the affirmative.

Appellants assign error in the action of the court in submitting to the jury special issue No. 5 for the alleged reason that it is in its terms and nature argumentative, duplicitous, and upon the weight of the evidence in the case and that it submits no ultimate fact issue to the jury.

Appellants' contention that said special issue is by its terms argumentative and upon the weight of the evidence and that it submits no ultimate issue of fact cannot be sustained. In the event the issue is duplicitous in that it requires the jury to find that appellants took said automobile intentionally, willfully, maliciously and knowingly, appellants are in no position to complain of the wording of the issue, in that it requires, in order that such issue may be answered affirmatively, that the jury find, as it did, that appellants were guilty in each and all of the matters complained of.

In the absence of a showing that appellants have been deprived of a substantial right and that an improper judgment has been rendered, this court is not authorized to reverse the judgment of the trial court. Court of Civil Appeals Rule 62a. New Rule 434, Texas Rules of Civil Procedure, effective September 1, 1941.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.